United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Olena Goncharenko, Plaintiff ) | |
| ) | |
| v.                            ) | Civil Action No. 16-21461-Civ-Scola |
| ) | |
| Royal Caribbean Cruises, Ltd., ) | |
| Defendant | |

### Order Affirming Magistrate Judge's Order

This matter is before the Court on the Plaintiff's appeal of the Magistrate Judge's order finding that the Plaintiff did not comply with the disclosure obligations imposed by Federal Rule of Civil Procedure 26(a)(2)(C) and striking the Plaintiff's disclosures (ECF No. 41). For the reasons set forth below, the Court **affirms** the Magistrate Judge's order (ECF No. 35).

**A. Background**

The Court's Scheduling Order required the parties to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2) on or before February 8, 2017 (ECF No. 11). On February 8, 2017, the Plaintiff sent an email to the Defendant that did not specifically list any experts or treating physicians, but instead stated "At trial, the only witnesses whom I may ask to provide expert opinions are the medical providers whose records you have received through the discovery process." (Resp. in Opp. to Appeal at Ex. A, ECF No. 51-1.) The email further stated that the subject matter on which the witnesses would testify is "contained in their records and reports that you have received through discovery. In addition, all these witnesses will testify that the accident on the Defendant's ship. . .caused the injuries described in the medical records/reports." (*Id.*)

On February 10, 2017, the Plaintiff sent a letter to the Defendant listing six medical providers that the Plaintiff intended to call as witnesses at trial. (*Id.* at Ex. B, ECF No. 51-2.) The letter did not identify the subject matter on which the witnesses would testify, nor did it provide a summary of facts and opinions to which they would testify. (*Id.*) On February 22, 2017, the Defendant filed a motion to strike the Plaintiff's expert disclosures (ECF No. 18.) On February 27, 2017, the deadline for the filing of dispositive motions, the Defendant filed its Motion for Summary Judgment, which is currently pending before this Court (ECF No. 23). The Court subsequently referred the Defendant's motion to strike to Magistrate Judge Otazo-Reyes to be heard and determined (ECF No. 27).

On March 13, 2017, the Plaintiff's counsel sent the Defendant an email amending the February 8, 2017 disclosure. (Def.'s Reply in Support of Mot. to Strike at Ex. A, ECF No. 32-1.) That email listed three medical providers that the Plaintiff intended to call at trial. (*Id.*) The email once again did not identify the subject matter on which the witnesses would testify or provide a summary of the facts and opinions to which the witnesses would testify. (*Id.*) However, the email did state that "In addition to what he wrote in his reports, Dr. Golzad will also testify that the Plaintiff's traumatic brain injury is a permanent injury."

Judge Otazo-Reyes held a hearing on the Defendant's motion to strike on March 22, 2017 (ECF No. 34), and subsequently issued an order granting the Defendant's motion to strike the Plaintiff's expert disclosures (ECF No. 35).

### B. Legal Standard

The Plaintiff asserts that Judge Otazo-Reyes's order has a dispositive impact on the Plaintiff's case, and therefore this appeal should be determined pursuant to Federal Rule of Civil Procedure 72(b) and Local Magistrate Judge Rule 4(b), which provide for a *de novo* review. (*Id.* at 1.) Alternatively, the Plaintiff asserts that Federal Rule of Civil Procedure 72(a) and Local Magistrate Judge Rule 4(a) apply, which provide for a "clearly erroneous or contrary to law" standard of review for non-dispositive rulings. (*Id.* at 1-2.)

"[T]he weight of authority holds that a magistrate judge's order that excludes a plaintiff's expert from testifying is not a dispositive ruling." *Villafana v. Auto-Owners Ins.*, No. 06-0684, 2007 WL 1810513, *1 (S.D. Ala. June 22, 2007) (citations omitted). Although the Plaintiff argues that Judge Otazo-Reyes's order has a significant impact on her ability to prove her case, Judge Otazo-Reyes did not consider or rule on the merits of the Plaintiff's case. Therefore, Federal Rule of Civil Procedure 72(a) and Local Magistrate Judge Rule 4(a) apply. Nevertheless, out of an abundance of caution, the Court has conducted a *de novo* review of the parties' briefing on the Defendant's motion to strike (ECF Nos. 18, 29, 32), the transcript from the hearing before Judge Otazo-Reyes (ECF No. 50), Judge Otazo-Reyes's order (ECF No. 35), and the parties' briefing on the Plaintiff's appeal of the order (ECF Nos. 41, 51, 53, 54).

### C. Analysis

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose to the other parties the identity of any expert witness it may use at trial. It is undisputed that the Plaintiff's Rule 26(a)(2)(A) disclosure did not disclose the identity of the medical providers that she intended to call at trial. (Resp. in Opp. at Ex. A, ECF No. 51-1.)

Rule 26(a)(2)(B) and the Court's Scheduling Order (ECF No. 11) require that the parties exchange written reports for any witness that will provide expert testimony. The Scheduling Order explains that "When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report. By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required." (ECF No. 11.) The Plaintiff does not dispute that she did not provide the Defendant with any Rule 26(a)(2)(B) reports for the medical providers that she intends to call as witnesses. (*See* Appeal, ECF No. 41; Reply in Support of Appeal, ECF No. 53.)

Rule 26(a)(2)(C) provides that, with respect to witnesses who are not required to provide written reports, a party must disclose (1) the subject matter on which the witness is expected to present evidence; and (2) a summary of the facts and opinions to which the witness is expected to testify. It is undisputed that neither the Plaintiff's initial disclosure nor her amended disclosure disclosed the subject matter on which the medical providers were expected to present evidence, nor did it include a summary of the facts and opinions to which the witnesses were expected to testify. (Appeal at 4, ECF No. 41).

Federal Rule of Civil Procedure 37(c) provides that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Substantial justification "requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact." *In re Denture Cream Products Liability Litigation*, No. 9-2051, 2012 WL 5199597 (S.D. Fla. Oct. 22, 2012) (Altonaga, J.) (internal quotations and citations omitted).

The Plaintiff's appeal states that, if the Court overturns Judge Otazo Reyes's order, she intends to call three treating doctors as witnesses at the trial. (Appeal at 3, ECF No. 41.) The Plaintiff's counsel admits that he did not list the names of the doctors in the Rule 26(a)(2)(C) disclosure, explaining that he did not do so "because there were only three, and it was no secret who those three doctors were, as their records had been provided to the defense many months before. . . ." (*Id.*) However, the Court notes that on February 10, 2017, the Plaintiff's counsel sent the Defendant a list of *six* medical providers that it intended to call at trial, not three. (Resp. in Opp. at Ex. B, ECF No. 51-2.) Furthermore, one of the doctors that the Plaintiff wishes to call, Dr. Schweiger, did not even appear on the late February 10, 2017 disclosure. (*Id.*) The Plaintiff

admits that she did not disclose Dr. Schweiger as a witness until March 13, 2017. (Reply at 7, ECF No. 53.) Finally, the Court notes that the Plaintiff's counsel did not list any medical providers on the Rule 26(a)(1) disclosures. (Resp. in Opp. at Ex. E, ECF No. 51-5.)

Based on the foregoing facts, the Court disagrees that the identity of the medical providers that the Plaintiff intended to call was "no secret." The Defendant apparently had no way to discern which medical providers the Plaintiff intended to call as witnesses other than to review the medical records that the Plaintiff produced during discovery and guess which doctors the Plaintiff intended to call. In light of the detailed disclosure requirements of Rule 26, providing medical records to a party during discovery is an insufficient method of identifying the treating physicians that will testify at trial.

The Plaintiff further asserts that the reports from the three doctors that she intends to call at trial were "so short, and so clearly written, that Plaintiff's counsel felt he had complied with Rule 26(a)(2)(C)" by simply referring to their reports in his February 8, 2017 disclosure rather than including a summary of the subject matter, facts, and opinions to which each witness would testify. (Appeal at 4, ECF No. 41.) The Plaintiff states that, "Plaintiff's counsel thought it almost silly to try to summarize Dr. Golzad's already-summarized facts and opinions. . . ." (*Id.* at 5.) Essentially, the Plaintiff's justification for her failure to follow the rules is that Plaintiff's counsel simply didn't think it was necessary. This explanation has no basis in law or fact, and does not constitute substantial justification as contemplated by Rule 37(c).

The Plaintiff asserts that any violations of Rule 26 were harmless because "by reading Royal's two experts' reports, one can see that those two experts had no difficulty at all finding and dissecting the Plaintiff's three medical witnesses' opinions, without any summary at all from Plaintiff's counsel." (Appeal at 10, ECF No. 41.) However, the Defendant asserts that relying on the Plaintiff's medical records is insufficient because the records do not address treatment, prognosis, permanency, or causation. (Mot. to Strike at 4, ECF No. 18.) The Defendant asserts that its Motion for Summary Judgment argues that since the Plaintiff did not properly disclose expert opinions on causation or damages, the Plaintiff is unable to prove causation or damages. (Reply in Support of Mot. to Strike, at 1-2, ECF No. 32; Resp. in Opp. to Appeal at 8, ECF No. 51.) The Defendant argues that allowing the Plaintiff to now summarize her treating physicians' opinions as to causation and damages prejudices the Defendant because it has already filed its Motion for Summary Judgment. (*Id.*)

The Court notes that the Plaintiff's February 8, 2017 disclosure states that the unnamed medical providers would all "testify that the accident on the

Defendant's ship. . .caused the injuries described in the medical records/reports." (Resp. in Opp. at Ex. A, ECF No. 51-1.) Although the Plaintiff asserts that both the Plaintiff's February 8, 2017 disclosure and Dr. Golzad's report "give Royal notice that Dr. Golzad will testify that Ms. Goncharencko's postconcussion syndrome and traumatic brain injury both were caused by the accident on Royal's ship," this is simply not true. (Appeal at 7, ECF No. 41.) The only statement regarding the source of the Plaintiff's injuries in Dr. Golzad's report is the following statement: "On December 10, 2015 while on a cruise boat, the patient was hit on the head by the metallic door of an ice cream vending machine." (Appeal at Ex. 1, ECF No. 41-1.) Dr. Golzad gives no opinion in either of his reports that the incident on the Defendant's ship *caused* the Plaintiff's traumatic brain injury. (*Id.*) In fact, the only medical record that the Plaintiff provided to the Defendant that mentions causation is Dr. Schweiger's report, which states, "This decline is causally related to the injury of record." (Resp. in Opp. at Ex. E, ECF No. 51-5.)

Furthermore, the Plaintiff admits that none of the medical records contain an opinion as to the permanency of the Plaintiff's injuries. (Appeal at 8, ECF No. 41.) However, the Plaintiff's March 13, 2017 supplemental disclosure states that Dr. Golzad will testify that the Plaintiff's injury is permanent. (*Id.*) The Plaintiff "urges the Court to permit Golzad to testify to this opinion, as it is undisputed. . . ." (*Id.*) Not only did the Plaintiff supplement the disclosure nearly five weeks after the deadline to do so, the supplement was also two weeks after the deadline for the filing of dispositive motions.

The Plaintiff's assertions that no harm was caused by her failure to abide by Rule 26 is without support in the record; rather, the Plaintiff's assertions serve to reinforce the importance of Rule 26. The Plaintiff states that she intended to call three medical providers at trial to testify about the causation and permanency of her injuries, and that the Defendant should have known the substance of the medical providers' opinions based on the medical records produced during discovery. However, none of the medical records that the Plaintiff produced contained an opinion about the permanency of her injuries, and there is only one sentence in the medical records concerning the causation of the Plaintiff's injuries. Therefore, the *only* way that the Defendant could have discerned which medical providers the Plaintiff intended to call as witnesses and the opinions that those medical providers would offer was the Plaintiff's Rule 26(a)(2)(A) disclosure. Yet that disclosure failed to identify the medical providers that the Plaintiff intended to call as witnesses and failed to comply with the substantive disclosure requirements of Rule 26(a)(2). *See Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322, 2013 WL 8695361, *4 (S.D. Fla. April 4, 2013) (Torres, J.) ("[T]he fact that Plaintiff provided all of his medical

records to Defendant does not mean that Plaintiff has fulfilled the 'summary of the facts and opinions' prong of Rule 26(a)(2)(C)."). The Plaintiff's deficient disclosure prejudiced the Defendant because it left the Defendant in the dark and resulted in the Defendant filing a Motion for Summary Judgment arguing that the Plaintiff had offered no evidence on causation or damages.

Moreover, the Plaintiff entirely fails to recognize that even if she had made a proper disclosure under Rule 26(a)(2)(C), it would have been insufficient because when a treating physician provides an opinion on "causation, prognosis, and/or future implications of the injury, then he or she must provide a full report satisfying the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)." *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996, 2013 WL 3850848 (S.D. Fla. July 26, 2013) (Scola, J.) (citations omitted); *see also In re Denture Cream Products Liability Litigation*, No. 9-2051, 2012 WL 5199597, *5 (S.D. Fla. Oct. 22, 2012) (Altonaga, J.) ("Inasmuch as Plaintiffs' treating physicians are opining on causation – either specific or general – Defendants are entitled to full Rule 26(a)(2)(B) reports because such opinions go beyond those arising from treatment.") (citing *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011)). The Plaintiff does not dispute that her medical providers did not provide Rule 26(a)(2)(B) reports, yet she continues to assert in this appeal that her medical providers will testify as to the causation of the Plaintiff's injuries and the permanency of those injuries.

Finally, the Court notes that for the first time in this appeal, the Plaintiff argues that the Defendant's Rule 26(a)(2) disclosures also simply referred the Plaintiff to its expert's reports rather than provide a summary of the subject matter, facts, and opinions as to which those experts would testify. (Reply at 3, ECF No. 53.) However, the Plaintiff did not move to strike the Defendant's disclosure. More importantly, the fact that the Defendant may also have violated the rules does not provide substantial justification for the Plaintiff's own failures, nor does it show that the Plaintiff's failures were harmless.

Since the Plaintiff has not shown that her failure to comply with Federal Rule of Civil Procedure 26(a)(2) was substantially justified or harmless, the Court **affirms** Judge Otazo Reyes's order striking the Plaintiff's expert disclosures (ECF No. 35).

**Done and ordered**, at Miami, Florida, on March 17, 2017.

_____
Robert N. Scola, Jr.
United States District Judge